UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CANYON CHIROPRACTIC, et al.,<br><br>    Defendants. | Case No. 16-cv-04028-JST<br><br>**ORDER GRANTING REQUEST TO EXTEND MEDIATION DEADLINE AND SETTING CASE MANAGEMENT CONFERENCE** |

Now before the Court is the parties' request to extend the mediation deadline. ECF No. 49. Some background is useful to place the request in context.

This case was filed on July 17, 2016. ECF No. 1. The Court promptly issued a scheduling order, which required among other things that the parties hold a joint inspection by October 31, 2016, and that no more than 42 days after that inspection the plaintiff file a notice of need for mediation if the case did not settle. ECF No. 5. On December 20, 2016, this case was reassigned to the undersigned, but the reassignment did not affect the case deadlines. ECF Nos. 16, 17.

These deadlines came and went. On March 27, 2017, the parties filed a joint stipulation to extend site inspection deadline. ECF No. 19. There, they acknowledged the October 31, 2016 deadline, but stated "the parties were unavailable to jointly inspect the site by October 31, 2016, and are engaged in settlement discussions, and therefore require additional time." *Id.* They asked that the deadline be extended to April 13, 2017. They did not indicate what had prevented them from complying with the inspection deadline nor, for that matter, what had prevented them from performing an inspection in the five months after the passage of the deadline, or why they failed to move for relief before the deadline passed. Nonetheless, the Court granted the request. ECF No. 20.

On May 25, 2017, the Plaintiff filed a notice of need for mediation pursuant to General Order 56. ECF No. 21. The same day, the Court referred the matter to mediation and set a mediation deadline of August 23, 2017.

On June 30, 2017, ADR director Howard Herman attempted to conduct an ADR phone conference, but both Plaintiff's counsel and Defendant's counsel failed to appear. ECF Nos. 24, 25. The parties were ordered to contact the ADR office by July 5, 2017 to reschedule the phone conference. *Id.* The record is silent as to whether they did so.

On October 16, 2017, almost two months after the passage of the mediation deadline, the parties filed a joint request to extend the mediation deadline to January 11, 2018. They indicated that "the Defendant's attorney had a serious health issue and the parties require additional time to conduct mediation." ECF No. 26. The Court granted the request. ECF No. 27.

On November 20, 2017, Howard Herman was appointed as the mediator in this case.

On January 17, 2018, again after passage of the mediation deadline, the parties asked to extend that deadline. ECF No. 34. They gave no reason for their failure to comply with the January 11, 2018 deadline beyond stating that "the parties are now unavailable to conduct the mediation by January 11, 2018, and therefore require additional time." *Id.* They asked that the mediation deadline be extended to February 10, 2018. *Id.* Once again, the Court granted the request.

On January 31, 2018, by stipulation, the Plaintiff filed an amended complaint, adding defendant Public Storage. ECF No. 39. In part so that Public Storage could be served and appear, on February 9, 2018, the parties again requested that the Court extend the mediation deadline, this time to June 1, 2018. ECF No. 42. The Court granted the request. ECF No. 43.

The parties now again ask the Court to extend their mediation deadline after that deadline has passed. ECF No. 49. They state that they set a mediation on June 1, 2018, but that "Defendant Canyon Chiropractic was unable to attend the mediation on June 1, 2018, and therefore the parties require additional time." What prevented Canyon Chiropractic from attending the mediation, the parties do not say.

The parties' history of casual disregard for the Court's deadlines has become a source of

concern for the Court.  The parties request to extend their mediation deadline is granted.  The Court also sets a case management conference on July 25, 2018 at 2:00 p.m. at which it can discuss what other steps are necessary to bring resolution to this case.  A joint case management statement is due by July 18, 2018 at 5:00 p.m.

**IT IS SO ORDERED.**

Dated:  June 14, 2018

_____
JON S. TIGAR
United States District Judge